IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 10-1156-GMS |
| | ) | Superior Court of the State of Delaware |
| ALTON CANNON, | ) | I.D. No. 1010003315 |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

## I. INTRODUCTION

On December 30, 2010, the defendant, Alton Cannon ("Cannon"), filed a notice of removal from the Superior Court of the State of Delaware in and for New Castle County ("Superior Court"). (D.I. 2.) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. For the reasons discussed below, the court will summarily remand the case to the Superior Court of the State of Delaware in and for New Castle County.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Cannon filed a notice of removal pursuant to 28 U.S.C. § 1446 with a pleading titled "Human Rights Case" "Maritime Seizure" "In rem/Personam Jurisdiction" "Case or Controversy" "Counter Claim" "friend of the Court" "Removal Case." (D.I. 2.) Pleadings attached to the notice of removal indicate that Cannon was charged on October 5, 2010 and indicted for failure to properly report as a registered sex offender in violation of 11 Del. C. § 4120. He was summoned on November 24, 2010, to appear in court on December 3, 2010. Documents from the Superior Court indicate that the matter was set to be tried on February 11, 2011. The disposition of the matter is unknown.

## III. STANDARD OF REVIEW

In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

## IV. DISCUSSION

Removal of state criminal matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a criminal prosecution, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law

2

providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel,* 384 at 792 (quoting 28 U.S.C. § 1443(a)). Second, it must appear in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (citations omitted).

The first part of § 1443(2) applies only to federal officers or agents and those authorized to act with or for them in affirmatively executing duties under the federal law providing for equal civil rights. *City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 824 (1966). The second part of § 1443(2), "for refusing to do any act on the ground that it would be inconsistent with such [civil rights] law," removal is available "only to state officers," according to *Peacock.* The purpose of this "refusal clause is to provide a federal forum for suits against state officers who uphold equal protection in the face of strong public disapproval." *Greenberg v. Veteran,* 889 F.2d 418, 421 (2d Cir. 1989).

Cannon raises a number of issues in support of removal. He alleges that: (1) the accuser, the State of Delaware, is an artificial person; (2) he is the strawman, an "artificial person," and not a natural person; (3) there is "no victim" in this matter and if the case should proceed to trial he would be unable to face his accuser; (4) the State of Delaware has continually punished him for the same offense, deriving from the same transaction; (5) it would be fraud on the court to proceed to trial without the injured party; (6) Cannon is subjected to civil and criminal actions commenced in the name of an "imaginary person" (i.e., the State of Delaware); (7) Cannon has the right to contract, and exercised that right, but the State of Delaware cannot sign and, therefore, cannot enter into any contract; (8) the laws of agency requires that the case must be

3

dismissed; (9) the State of Delaware failed to effectuate proper service of summons; (10) the indictment is ineffective on its face; and (11) the warrant for arrest is defective.

With regard to § 1443(1), Cannon's litany of issues does not raise the specter of discrimination on the basis of race. Nor does the notice of removal lead to the conclusion that Cannon cannot enforce any asserted rights in state court. *In re Weddington*, No. 08-62, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). All of the issues raised by Cannon are rights that are certainly enforceable in state court. Indeed, it is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson*, 421 U.S. at 219-20. Finally, none of the issues raised by Cannon fall within the ambit of § 1443(2).

For the above reasons, the court will summarily remand the case to the Superior Court.

## V. CONCLUSION

For the above reasons the court will summarily remand the case to the Superior Court of the State of Delaware in and for New Castle County.

An appropriate order will be entered.

_____, 2011
Wilmington, Delaware

CHIEF UNITED STATES DISTRICT JUDGE

4